# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| WILLIAM SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-CV-1071 |
| | ) | |
| NORTHSTAR LOCATION SERVICES, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Defendant Northstar Location Services, LLC's (Northstar) Motion to Dismiss Plaintiff's Complaint (d/e 10) (Motion). The Motion is fully briefed, and pursuant to Local Rule 72.1, the District Judge has referred the matter to this Court for Report and Recommendation. After carefully considering all of the submissions of the parties, and pursuant to 28 U.S.C. § 636(b)(1)(B), this Court recommends that the Motion be DENIED.

## STATEMENT OF FACTS

For purposes of the motion to dismiss for failure to state a claim, the Court must accept as true all well-pleaded factual allegations contained in

the Plaintiff William Smith's Verified Complaint and Demand for Jury Trial (d/e 1) (Complaint) and draw all inferences in the light most favorable to Smith. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). Smith alleges that he is a resident of Galesburg, Knox County, Illinois, and a consumer as defined in the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692a(3). Smith alleges that Northstar is a debt collector as defined in the FDCPA, 15 U.S.C. § 1692a(6). Complaint ¶¶ 6, 8.

    Smith alleges that Northstar places telephone calls to him seeking to collect a debt. Northstar calls from telephone number 888-820-0961. Northstar calls asking for Gary or Edith Lovell. Smith has informed Northstar that he is not the person Northstar is trying to reach and does not know anyone by those names and has instructed Northstar not to call him again. Northstar, however, continues to call Smith. Complaint ¶¶ 9-12. Based on these factual allegations, Smith alleges claims under violations of the FDCPA, 15 U.S.C. §§ 1692d and 1692d(5). Northstar now moves to dismiss for failure to state a claim.

## LEGAL STANDARD FOR MOTIONS TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6).  The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2) and 8(d)(1).  While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).  A claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests.  George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007).  Dismissal under Rule 12(b)(6) is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."  Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC, 499 F.3d 663, 667 (7th Cir. 2007).

## ANALYSIS

Smith states a claim for violation of the FDCPA.  The FDCPA states that:

> A debt collector may not engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt.   Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . . .
>
> (5) Causing the telephone to ring or engaging any person in a telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).  The FDCPA further provides that a "debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable" for actual damages and possible statutory damages. 15 U.S.C. § 1692k.  Smith alleges that Northstar keeps calling him after he has told Northstar to stop calling and that the repeated telephone calls are harassing and abusive.  Smith states a claim.

Northstar argues that Smith fails to allege enough facts to show that he is a consumer.  This is irrelevant.  Sections 1692d and 1692k do not limit their applicability to consumers.  Section 1692d prohibits a debt collector from harassing any person and § 1692k makes a debt collector

liable to that person for violating the FDCPA.  See e.g., Kerwin v. Remittance Assistance Corp., 559 F.Supp.2d 1117, 1123 (D. Nev. 2008).  Thus, Smith does not need to prove that he is a consumer to recover, only that he is a person that Northstar harassed in violation of § 1692d.

Northstar argues that Smith fails to allege enough facts to allege a claim for repeated or continuous conduct.  The Court respectfully disagrees.  Smith alleges that he has told Northstar that he does not know Gary or Edith Lovell and to stop calling, but Northstar keeps calling.  These allegations, when read in the light most favorable to Smith, show repeated calls.

Northstar argues that Smith fails to allege that Northstar has acted with the intent to annoy or harass him.  The Court again respectfully disagrees.  Smith alleges that he has told Northstar to stop calling, but its representatives keep calling.  When read favorably to Smith, these allegations are sufficient to show that Northstar representatives engage in intentional, unwanted conduct:  i.e., the Northstar representatives keep calling even though they know that Gary and Edith Lovell are not at Smith's telephone number and even though they have been told to stop calling.  These allegations are sufficient to show intent at this stage of the proceeding.  Furthermore, the general language at the beginning of

§ 1692d does not require proof of intent, but only proof that the natural consequence the defendants' activity was harassing.  Thus, Smith states a claim under § 1692d generally even if he did not allege intent.

Northstar argues that the allegations are so bare bones that they do not provide notice of the claim.  Rule 8 only requires notice pleading, not fact pleading.  The allegations must be sufficient to show that a plausible claim exists.  Bell Atlantic Corp. v. Twombly, 550 U.S. at 570.  Here, Smith alleges he is a resident of Galesburg, Illinois.  He alleges the telephone number from which Northstar places the calls.  He alleges that Northstar representatives are trying to contact Gary and Edith Lovell.  Smith alleges that he has told Northstar to stop calling, but its representatives keep calling. These allegations are sufficient to put Northstar on notice of the calls involved in the alleged misconduct.

Norhtstar also argues that Smith must allege the number of calls.  The Court again disagrees.  He alleges repeated calling; that is sufficient when read in the light most favorable to Smith.  The number of calls only raises an issue of fact.

WHEREFORE, this Court recommends that Defendant Northstar Location Services, LLC's Motion to Dismiss Plaintiff's Complaint (d/e 10) be DENIED.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of an ECF copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1).  Failure to file a timely objection will constitute a waiver of objections on appeal.  See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.

ENTER:     June 9, 2011

                    *s/ Byron G. Cudmore*
                    BYRON G. CUDMORE
         UNITED STATES MAGISTRATE JUDGE